UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosaura PABLO MIGUEL,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>Christopher LAROSE, et al.,<br><br>　　　　　　　　　　Respondent. | Case No.: 25-cv-2644-AGS-MSB<br><br>**ORDER REQUIRING RESPONSE** |

  Petitioner Rosaura Pablo Miguel seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging her immigration detention. At this stage, she need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting use of those Rules to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id.*

  Petitioner claims to have been in immigration custody since "August 10, 2025." (ECF 1, at 2.) She alleges that she has been "subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A)," and thus denied bond during the pendency of removal proceedings. (ECF 1, at 2) This is due to a "new DHS policy issued on July 8, 2025, instructing all Immigration and Customs Enforcement (ICE) employees to consider anyone inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i)—i.e., present without admission—to be an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A) and therefore subject to mandatory detention during the removal hearing process." (ECF 1, at 3 (footnote omitted).) Despite originally succeeding at a bond hearing, the immigration judge allegedly changed course thereafter and determined that he "lacked jurisdiction to redetermine Respondent's

1

custody" "in light of" the Board of Immigration Appeals' opinion in "*Matter of Yajure Hurtado*." (*Id.* at 4.) She charges that *Yajure Hurtado* and the "new legal interpretation of the INA is plainly contrary to the statutory framework and contrary to decades of agency practice applying § 1226(a) to people like Petitioner who are present within the United States." (*Id.* at 5.)

    This challenge has sufficient potential merit to warrant a response. The Court notes functionally identical ones across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Mosqueda v. Noem*, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[T]he Court concludes that petitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *see also Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice."); *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025) ("Petitioner's detention is governed by § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures, as at least thirty federal district courts around the country, including two in this Circuit, have concluded when faced with habeas petitions from comparably situated petitioners.").

    By **October 28, 2025**, respondent must answer the petition. Petitioner's reply must be filed by **November 18, 2025**.

Dated: October 7, 2025

 

_____
Hon. Andrew G. Schopler
United States District Judge